United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAY 0 9 2002

Michael N. Milby
Clerk of Court

DOROTEO TAVIRA,                      )
                                     )
                                     )       C.A. NO.      B-02.096
                                     )
E.M. TROMINSKI, INS DISTRICT         )
    DIRECTOR, and                    )
JOHN ASHCROFT, UNITED STATES         )
    ATTORNEY GENERAL.                )
                                     )
_____)

PETITION FOR WRIT OF HABEAS CORPUS AND
COMPLAINT FOR INJUNCTIVE AND DECLARATORY JUDGMENT

Doroteo Tavira, through counsel, files the instant Petition for Writ of Habeas Corpus and

Complaint for Injunctive and Declaratory Judgment. He seeks habeas relief, pursuant to 28

U.S.C. §2241, from a final order of removal, entered on or about April 29, 2002. He also seeks

declaratory relief, declaring, pursuant to 28 U.S.C. §2201, that it violates Due Process for the

Board of Immigration Appeals to render a decision that does not comport with the standards

promulgated by the Fifth Circuit with respect to meaningfully addressing all relevant material

factors, and that it violates Due Process to deprive Mr. Tavira of his right to be meaningfully

heard and considered for his application for relief from removal, Cancellation fo Removal

pursuant to §240 of the Immigration & Nationality Act, and that it violates Due Process for a final

order of removal to be executed without at least 72 hours notice to the immigrant, or if

represented, to counsel of record. Petitioner further seeks corresponding injunctive relief,

enjoining and restraining Respondents from executing such an order of removal until such time as

Petitioner is meaningfully heard on his claim for relief pursuant to his application for Cancellation

fo Removal, and enjoining and restraining Respondents from executing such an order without the

requested prior notice. Petitioner seeks an Order to Show Cause, and /or Temporary Restraining

Order, restraining and enjoining Respondents from removing Petitioner from the jurisdiction of

this Court until the case can be heard. *See, Jama v. INS*, 2002 WL 507046 (D. Minn. March 31,

2002) (Under *INS v. St. Cyr*, 121 S.Ct. 2271 (2001), District Court has jurisdiction in habeas

corpus, 28 U.S.C. §2241, to stay execution of order of removal notwithstanding 8 U.S.C.

§1252(g)).

## I.    FACTS AND PROCEDURAL HISTORY

1.    Doroteo Tavira is a native and citizen of Mexico, who immigrated to the United States in

1983 and was Temporary Permanent Residency in about 1987. He has resided here

continuously ever since. He resides in Columbus, Ohio with his wife and eight children

who are all lawful permanent residents of the United States.[1]

2.    On October 30th, 1997, Mr. Tavira was detained at the Port of Entry in Brownsville,

Texas when fifteen pounds of marijuana was discovered inside the walls of an ice chest in

his vehicle. Mr. Tavira was arrested, initialed, and released from custody. The criminal

charges were later dismissed.

3.    The INS initiated removal proceedings and charged Mr. Tavira with being removable from

the United States pursuant to §212(a)(2)(C) of the Immigration ans Nationality Act,

specifically, as an alien who the INS or consular officer knows or has reason to believe has

been a trafficker or colluder in trafficking of a controlled substance.

4.    At a hearing before the IJ, Mr. Tavira admitted that he was removable as alleged and

---

[1]The record reflects that on October 29th, 1999, the date of the order of the Immigration
Judge, Mr. Tavira's wife and children were residing in Mexico. Since October 29th, 1999, Mr.
Tavira's family was able to immigrate based on a petition he filed for them after he became a
lawful permanent resident.

sought relief from removal pursuant to INA §240A(a), Cancellation of Removal for

Certain Permanent Residents.  At a subsequent hearing on August 18th, 1999, the IJ found

that Mr. Tavira was statutorily eligible for relief pursuant to INS §240A(a).

5.    On October 29th, 1999, Mr. Tavira was afforded an individual hearing on the merits of his

application for Cancellation of Removal.  He testified that he did not know the contents of

the ice chest when he was detained at the Port of Entry in Brownsville.  He outlined his

work history in the Untied Stat3es and explained the hardship to himself and his family in

the event of his removal.  In considering his application for relief in the exercise of

discretion, the IJ relied solely on Mr. Tavira's admission to the charge in reaching the

conclusion that Mr. Tavira was a drug trafficker, and rejected Mr. Tavira's testimony that

he did not know there were drugs in the ice chest.  The IJ's decision mentioned Mr.

Tavira's denial of knowledge of contraband and a ten year old conviction for driving while

intoxicated as the only negative factors in his application for relief.  The IJ denied Mr.

Tavira's application as a matter of discretion, and ordered his removal from the United

States to Mexico.

6.    Mr. Tavira timely appealed that decision to the BIA, arguing that his admission that an

immigration or consular officer may have reason to believe he was involved in illicit

trafficking is not conclusive evidence that he was trafficking in drugs, absent other

evidence.  While he acknowledged that an officer may have had reason to believe he was

trafficking in drugs, his admission to the charge of removability is not a confession of

guilt.  Finally, Mr. Tavira emphasized that his consistent testimony that he had no

knowledge of the illegal contents of the ice chest should not have been considered a

negative factor in his application for relief, absent his inconsistent statements or any

evidence to rebut his avowal.

7.   In its decision of April 29th, 2002, the BIA outlined the statutory requirement for relief,

including its own precedent decision providing guidance to IJs in the exercise of discretion

for applicants for relief made by LPRs under INA §§240A(a) and 212(c). *Matter of C-V-
T-*, Int. Dec. 3342 (BIA 1998); *Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978). The

decision listed the positive and negative factors presented in the record, yet the BIA

conducted no balancing test to weigh the equities along with the negative factors. In

stead, the BIA upheld the IJ's decision, stating that the denial was proper, "even if his

arrest at the border and previous DWI conviction were not considered." Decision of the

BIA at 3.

8.   Because his arrest at the border and DWI conviction were the only negative factors of

record, Mr. Tavira asserts that the BIA's brisk and superficial review of the IJ's order was

not in compliance with decision of the Fifth Circuit Court of Appeals, and denied him Due

Process in accordance with the Fifth Amendment of the United States Constitution.

9.   Mr. Tavira reported to the Deportation Section of the INS in Harlingen, Texas on May 6,

2002, to renew and extend his Form I-94 that was given to him by the INS to serve as

proof of his admission as a lawful permanent resident while he is pending removal

proceedings. At the time he appeared for the renewal, the decision of the BIA had already

been rendered, but not yet received by the INS. The officer who assisted Mr. Tavira,

Refugio Huerta was able to determine from computer checks that a decision had been

rendered was received a copy of that decision via fax from the BIA. Not even a week had

passed since the issuance of the decision. Despite the fact that there are possible avenues

for direct appeal to the Fifth Circuit by way of Petition for Review, and despite the fact

that one has 30 days from the date of the decision to file such a Petition, the INS chose to issue a Warrant of Arrest for Petitioner and detain him pending removal from the United States, without the opportunity to have even the slightest of notice prior to effectuating the administrative order of removal.

**II.    FIRST CAUSE OF ACTION - HABEAS CORPUS**

10.    This Court has jurisdiction under 28 U.S.C. §2241. *Jama v. INS, supra.* At the moment this petition was filed, Mr. Tavira was, and remains, in the actual custody of Respondent Trominski at the Port Isabel Service Processing Center, within the jurisdiction of this court. Said custody violates he laws and Constitution of the United States, for a variety of reasons.

11.    First, the removal order itself against Petition was obtained in violation of Due Process. It violated Due Process where the BIA issued a summary decision without properly addressing the balancing of equities in accordance with standards articulated by the Fifth Circuit. Said Due Process violation caused substantial prejudice to Mr. Tavira in that his appeal was meritorious and the failure of the BIA to meaningfully review the IJ's decision deprived him of the opportunity to have a fair *de novo* administrative review of the decision, which in all likelihood he would have ultimately prevailed.

12.    Second, because Mr. Tavira's appeal was meritorious, the BIA's failure to review the decision pursuant to the Fifth Circuit's guidelines in *Diaz Resendez v. INS, supra.,* resulted in the BIA abusing its discretion. In *Rodriguez Gutierrez v. INS,* 59 F.3d 504 (5th Cir. 1995) the Fifth Circuit found that the BIA abused discretion by not meaningfully addressing the positive equities and by improperly characterizing the negative equities.

**III.    SECOND CAUSE OF ACTION - INJUNCTIVE AND DECLARATORY**

**JUDGMENT**

13.    This Court has federal jurisdiction, and can provide both injunctive and declaratory relief as well.

**IV.    CERTIFICATE OF CONSULTATION**

The undersigned has spoken with Lisa Putnam, SAUSA, about the instant case and she has been made aware of the filing of this case this day.  The undersigned advised Ms. Putnam on May 8, 2002 that this action would be filed on May 9, 2002.

WHEREFORE, it is urged that th instant petition be granted in all respects.

IT IS FURTHER URGED that an Order to Show Cause issue forthwith, requiring that INS show cause for the detention of which he complains herein, and that INS be enjoined and restrained from removing Petitioner from the United States until further order of the Court.

Respectfully submitted,

Jodi Goodwin, Esq.
Law Office of Jodi Goodwin
1322 East Tyler Avenue
Harlingen, Texas 78550
956-428-7212
956-428-7360 (fax)
Fed. ID: 20102
Texas Bar: 00793835

**VERIFICATION**

I, Jodi Goodwin, certify that I am familiar with the facts as stated above, and that they are

true and correct to the best of my knowledge and belief.

_____

**CERTIFICATE OF SERVICE**

I certify that a courtesy copy of the foregoing, with Exhibits, was personally delivered to the Office of the United States Attorney, in Brownsville, Texas, this 9th day of May, 2002.

_____

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DOROTEO TAVIRA,** | ) | |
| | ) | |
| | ) | **C.A. NO.** |
| | ) | |
| **E.M. TROMINSKI, INS DISTRICT** | ) | |
| **DIRECTOR, and** | ) | |
| **JOHN ASHCROFT, UNITED STATES** | ) | |
| **ATTORNEY GENERAL.** | ) | |
| | ) | |

**EXHIBIT A**

**U.S. Department of Justice**                                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:   A90 968 244 - Harlingen                    Date:        **APR 29 2002**

In re: DOROTEO TAVIRA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Jodi Goodwin, Esquire

ON BEHALF OF SERVICE:    Dyann Berstein
                         Assistant District Counsel

CHARGE:

    Notice:   Sec.    212(a)(2)(C), I&N Act [8 U.S.C. § 1182(a)(2)(C)] -
                             Controlled substance trafficker


APPLICATION:   Cancellation of removal


    The respondent appeals from an Immigration Judge's October 29, 1999, decision denying his request to withdraw his application for admission to the United States and denying his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b. The respondent's appeal will be dismissed. The respondent's request for oral argument is denied. 8 C.F.R. § 3.1(e).

    The respondent, a native and citizen of Mexico, claims that he was admitted to the United States as a lawful permanent resident in 1987.[1] On October 30, 1997, he applied for admission to the United States at the Brownsville, Texas port of entry. He was arrested at the time of his application for attempting to smuggle 15.42 pounds of marijuana concealed inside the walls of an ice chest. The Immigration and Naturalization Service (the "Service") therefore charged him with inadmissibility to the United States because a consular or immigration officer had reason to believe that the respondent was or had been an illicit trafficker or colluder with others in the illicit trafficking of a controlled substance. *See* section 212(a)(2)(C) of the Act.

    An Immigration Judge, based upon the respondent's admission, through counsel, of the aforementioned charge, found the respondent to be removable (I.J. at 5). *See Matter of Velasquez*, 19 I&N Dec. 377 (BIA 1986). The Immigration Judge then denied the respondent's application for cancellation of removal under section 240A(a) of the Act in the exercise of discretion.

---

[1] The Immigration and Naturalization Service (the "Service") does not dispute this claim.

A90 968 244

Section 235(a)(4) of the Act, 8 U.S.C. § 1225, states that "[a]n alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States."

Furthermore, 8 C.F.R. § 240.1(d) states in pertinent part that:

(d) *Withdrawal of application for admission*. An immigration judge may allow only an arriving alien to withdraw an application for admission. Once the issue of inadmissibility has been resolved, permission to withdraw an application for admission should ordinarily be granted only with the concurrence of the Service. An immigration judge shall not allow an alien to withdraw an application for admission unless the alien, in addition to demonstrating that he or she possesses both the intent and the means to depart immediately from the United States, establishes that factors directly relating to the issue of inadmissibility indicate that the granting of the withdrawal would be in the interest of justice.

We find that the Immigration Judge's denial of the respondent's request to withdraw his application for admission was proper. In this case, the Service did not agree to a grant of that application. Furthermore, the respondent did not demonstrate any intent to depart from the United States. Instead, he attempted to withdraw his application during a removal proceeding in which he was pursuing a waiver to allow him to remain in the United States. The respondent did not demonstrate that allowing him to withdraw his application would be in the interest of justice, rather than serving as a means to circumvent the charge against him. Accordingly we agree with the Immigration Judge's denial of his request to withdraw his application for admission.

Cancellation of removal under section 240A(a) of the Act is available to an alien lawfully admitted for permanent residence for not less than 5 years, who has resided in the United States continuously for 7 years after having been admitted in any status and has not been convicted of an aggravated felony. The respondent meets these minimum requirements. However, relief under this section is discretionary. *See Matter of C-V-T-*, Interim Decision 3342 (BIA 1998) (discussing factors to consider for the exercise of discretion under section 240A(a) of the Act); *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978) (determining relief under section 212(c) of the Act; factors are now applicable to section 240A(a) relief). A cancellation applicant under section 240A(a) of the Act is not required to meet a threshold test requiring a demonstration of unusual or outstanding equities before favorable and adverse factors are weighed to determine whether cancellation is warranted in the exercise of discretion. *See Matter of Sotelo*, 23 I&N Dec. 201 (BIA 2001).

Favorable consideration has been found to include such factors as family ties within the United States, residence of long duration in this country, evidence of hardship to the respondent or respondent's family if relief is not granted, service in the United States Armed Forces, if any, a history of employment, the existence of business or property ties, evidence of service to the community, proof of rehabilitation if a criminal record exists, and other evidence attesting to good character. *Matter of C-V-T-*, *supra*. Among the factors deemed averse to the alien are the seriousness, nature and circumstances of the removal ground, the presence of additional significant

2

A90 968 244

violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, as well as the presence of other evidence indicative of a respondent's bad character. *Id.*; *Matter of Marin, supra.*

We affirm the Immigration Judge's denial of the respondent's application for cancellation of removal under section 240A(a) of the Act.

In addition to his arrest at the border in 1997, the respondent was also convicted of driving while intoxicated in 1990. We note that at the time of his hearing, the respondent's wife and 8 children resided in Mexico while awaiting their visas, he had a brother, cousin, and aunt who were lawful permanent residents of the United States, and a cousin who was a United States citizen. The respondent was also employed with the same company in the United States for 12 years. The respondent did not present any other positive equities. Based upon these minimal positive equities as presented by the respondent, we agree with the Immigration Judge's determination that the respondent did not meet his burden of establishing that he was entitled to cancellation of removal in the exercise of discretion, even if his arrest at the border and previous DWI conviction were not considered. Accordingly, the respondent's appeal is dismissed.

ORDER:   The respondent's appeal is dismissed.

_____

FOR THE BOARD

3