IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DOROTEO TAVIRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | B-02-096 |
| E.M. TROMINSKI, INS DISTRICT | ) | |
| DIRECTOR, and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

RESPONDENTS' RETURN AND
MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR INJUNCTIVE AND
DECLARATORY JUDGMENT


COME NOW the Respondents, by and through Michael T. Shelby,

United States Attorney for the Southern District of Texas, and

file this Return and Motion to Dismiss the Petition for Writ of

Habeas Corpus in this case for lack of jurisdiction.

## STATEMENT OF THE FACTS

On October 27, 1997, the Petitioner, Doroteo Tavira ("Tavira" or "Petitioner") applied for admission as a returning as a lawful permanent resident.  Certified Administrative Record ("A.R.") 408. At the time of his attempted entry, 15.42 pounds of marijuana was found secreted in the walls of an ice chest in the vehicle Tavira was in.  A.R. 293.  Consequently, a Notice to Appear was issued to Tavira who was charged as inadmissible to the United States as an alien who an immigration officer had reason to believe was a trafficker in a controlled substance pursuant to §212(a)(2)(C) of the Immigration and Nationality Act ("Act" of "INA").  A.R. 408.

Tavira initially denied he was removable from the United States.  However, at a hearing on March 31, 1999, Tavira, through counsel, admitted he was removable from the United States as charged.  Subsequently, Tavira made a motion to withdraw that admission, which was denied by the immigration judge.  A.R. 34-35. The immigration judge found that Tavira was removable pursuant to §212(a)(2)(C) of the Act based on the pleadings.  A.R. 36.

2

Tavira applied for cancellation of removal in accordance with §240A(a) of the Act. After a merits hearing, the immigration judge denied Tavira'a application for relief. A.R. 47. He found that the favorable discretionary factors were insufficient to outweigh the adverse factors of record to warrant a grant of the requested relief. A.R. 46-47. The immigration judge ordered Tavira's removal from the United States. A.R. 31, 47.

Tavira appealed the immigration judge's decision. A.R. 24-25. He alleged the following errors:

1.   The immigration judge's erred in not allowing Tavira to amend his pleadings;

2.   The immigration judge erred and abused his discretion in denying Tavira's application for relief by failing to give appropriate weight to his favorable equities and giving inappropriate weight to his negative factors;

3.   The immigration judge erred in not allowing Tavira to withdraw his application for admission.

A.R. at 24. Petitioner's appellate brief argued that an admission of removability for drug trafficking is insufficient to establishment removability. Tavira claimed that drug trafficking requires "knowledge" of the drugs, which Tavira claimed he did not have. Petitioner argued that the immigration judge's sole reliance on the admission was insufficient to sustain the burden or removability. A.R. 11-14.

3

In a decision dated April 29, 2002, the Board of Immigration Appeals ("Board" or "BIA") sustained the immigration judge's decision. The Board first found that the immigration judge's denial of Tavira's request to withdraw his admission was proper. A.R. 3. The Board then reviewed the record and affirmed the immigration judge's denial of the request for relief pursuant to §240A(a) of the Act. A.R. 4. The Petitioner has now filed the instant petition for writ of habeas corpus seeking judicial review of the Board's decision.

## ARGUMENT

### I.   This Court Lacks Jurisdiction in Habeas Corpus to Review the Attorney General's Exercise of Discretion.

Tavira's argument concerning the discretionary denial of discretionary relief pursuant to INA §240A(a) should be dismissed. Section 242(a)(2)(B) of the INA precludes judicial review by any court of "any judgment regarding the granting of relief under [INA] section . . . 240A," cancellation of removal. This provision does not preclude court of appeals review of legal questions respecting the application of INA §240A(a) or review of constitutional challenges. Even if the court of

4

appeals may not review discretionary decisions respecting discretionary relief, this Court in habeas may not similarly entertain such a claim.

Tavira cannot rely on 28 U.S.C. §2241 as a jurisdictional basis in this Court because his claims do not fall within the limited scope of that statute. In the petition for a writ of habeas corpus, Tavira argues that the Board in considering his case, failed to "comport with the standards promulgated by the Fifth Circuit with respect to meaningfully addressing all relevant material factors, and that violates Due Process ... ." Habeas Petition ("Hab. Pet.") at 1. all of the relevant factors in reaching its decision. He therefore claims that the Board abused its discretion in this regard. Opie v. INS, 66 F.3d 737, 739 (5th Cir. 1995) (finding no abuse of discretion where alien claimed that Board did not consider all of the evidence presented); Luciano-Vincente v. INS, 786 F.2d 706 (5th Cir. 1986) (applying abuse of discretion standard to alien's claim that Board failed to consider a pertinent factor). As set forth below, this challenge is not cognizable in habeas corpus.

In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that Congress did not preclude habeas corpus jurisdiction for the purpose of reviewing pure questions of law raised by

criminal aliens.   In holding that habeas corpus remains
available under 28 U.S.C. §2241 for such claims, however, the
Court also stated that, historically, courts have not reviewed
factual determinations or exercised other APA-type review in
habeas corpus proceedings.   Id. at 306 (citing Ekiu v. United
States, 142 U.S. 651 (1892)).   Indeed, the Court emphasized that
the scope of habeas review is limited.   Id.   In response to the
dissent's complaint that allowing habeas review for criminal
aliens would result in such aliens having "more opportunities
for (and layers of) judicial review (and hence more
opportunities for delay) than are afforded non-criminal aliens,"
St. Cyr, supra at 334-335 (Scalia, J., dissenting), the majority
responded to this criticism by explaining that "as we have
noted, the scope of review on habeas [that we are conferring on
criminal aliens] is considerably more limited than on APA-style
review [that non-criminal aliens receive under the INA such as
review over an abuse of discretion claim]."   Id. at 314 n.38
(emphasis added).

This Circuit's case law directly supports this view.   In
Toscano-Gil v. Trominski, 210 F.3d 470 (5th Cir. 2000), the
Fifth Circuit addressed the scope of a district court's habeas
jurisdiction to review criminal aliens' immigration orders under

6

Illegal Immigration Reform and Immigrant Responsibility Act of 1996's, Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996) ("IIRIRA") transitional rules for judicial review, and held that such jurisdiction did not encompass review of the Board's discretionary denial of Section 212(c) relief. In that case, the alien sought review of the Board's denial of his application for Section 212(c) relief alleging that the Board failed to consider evidence concerning rehabilitation, mischaracterized the record, and failed to follow prior precedent. Id. at 474. The Fifth Circuit reversed the district court and held that the alien failed to raise a "cognizable constitutional claim" that merited review under 28 U.S.C. §2241.[1]  Id.

Tavira's claim is similar to the type of claim raised in Toscano-Gil. Tavira argues that the Board erred by failing to address all of the relevant factors in denying his application for relief. Hab. Pet. 1. In Toscano-Gil, the alien made a similar claim, arguing that the Attorney General had failed to

---

[1] Several district courts have also concluded that they lack jurisdiction under 28 U.S.C. §2241 to review challenges to the Attorney General's discretion. See Chavez v. U.S. INS, 55 F. Supp.2d 555 (W.D. La. 1999) (concluding that review of discretionary decisions is not available in habeas corpus proceedings); Edoo v. Kaplinger, 47 F. Supp.2d 769, 773 (W.D. La. 1999) (same).

consider a pertinent factor -- his rehabilitation. 210 F.3d at 474.  The Fifth Circuit held that those types of "failure to consider" claims were traditionally reviewed for an abuse of discretion and are now precluded from habeas corpus review because they do not rise to the level of a due process violation.  Id.

Two other circuits have reached similar conclusions.  In Sol v. INS, 274 F.3d 648 (2d Cir. 2001), the Second Circuit concluded that, because a habeas corpus petition "may be used to challenge incarceration or orders of deportation as being 'in violation of the Constitution or laws or treaties of the United States,'" it does not authorize review over an alien's claim that "the decisions of the INS lacked adequate support in the record."  Id. at 651.  In Sol, the alien had raised a similar type of claim to the one raised by Tavira.  The alien argued that the decisions of the Immigration Judge and Board, denying the application for Section 212(c) relief, lacked adequate support in the record.  Id.  The Second Circuit distinguished the "fact-intensive review" that the alien was seeking from the "vastly different" review that the habeas statute allows for statutory and constitutional claims.  Id.

8

Similarly, in Gutierrez-Chavez v. INS, 298 F.3d 824, 828 (9th Cir. 2002), the Ninth Circuit held that "28 U.S.C. §2241 does not allow us, in the absence of constitutional or statutory error, to second-guess the manner in which the INS chooses to exercise the discretion given it by the statute." In its reasoning, the Court observed that Section 2241 expressly provides for review of challenges to custody based on violations of the Constitution and federal law, not for challenges based on the exercise of discretion. In reaching its decision, the Ninth Circuit also relied on the decisions of several other circuits that have refused to extend the reach of Section 2241 beyond the plain terms of the statutory text. Id. at 828-829.

Indeed, most circuits have also drawn a distinction between the extraordinary remedy of habeas corpus under Section 2241 and the general review available under the Administrative Procedures Act. In Goncalves v. Reno, 144 F.3d 110 (1st Cir. 1998), cert. denied, 526 U.S. 1004 (1999), the First Circuit emphasized that habeas review does not include the "broad review of administrative decision-making available under the APA." Id. at 125 (citing Heikkila v. Barber, 345 U.S. 229, 236 (1953) (recognizing the distinction between the scope of inquiry on direct review as opposed to habeas corpus review). In Ter Yang

9

v. INS, 109 F.3d 1185, 1189-91 (7th Cir.), <u>cert. denied sub nom.</u>

<u>Katsoulis v. INS</u>, 522 U.S. 1027 (1997), the Seventh Circuit

dismissed the review petitions of criminal aliens who challenged

the denial of Section 212(c) relief as a matter of discretion.

Significantly, the Court noted that the aliens could not seek

review in district court under 28 U.S.C. §2241 because their

claims were not covered under that statute.[2]  <u>Id.</u> at 1195; <u>see</u>

<u>also</u> <u>Bowrin v. INS</u>, 194 F.3d 483 (4th Cir. 1999) (stating that,

while district courts have habeas corpus jurisdiction pursuant

to 28 U.S.C. §2241 under IIRIRA's transitional rules to review a

criminal alien's statutory and constitutional challenges to his

---

[2]  Furthermore, still other circuits which have found habeas
corpus review to survive for constitutional and statutory claims
have also been careful to distinguish challenges to the Attorney
General's factual findings and exercises of discretion.  <u>Mayers</u>
<u>v. INS</u>, 175 F.3d 1289, 1301 n.15 (11th Cir. 1999) ("petitioners
are not seeking to review a decision to grant or deny a §212(c)
waiver, but rather are seeking to review a decision concerning
the ability to apply for such waiver") (citing <u>Accardi v.</u>
<u>Shaughnessy</u>, 347 U.S. 260, 268 (1954) ("It is important to
emphasize that we are not here reviewing and reversing the
manner in which discretion was exercised.  Rather we object to
the [BIA's] alleged failure to exercise its own discretion
contrary to existing valid regulations.")); <u>Henderson v. INS</u>,
157 F.3d 106 (2d Cir. 1998), <u>cert. denied sub nom.</u> <u>Reno v.</u>
<u>Navas</u>, 526 U.S. 1004 (1999) ("The questions presented by these
aliens are ones of pure law.  We are not called upon in this
case to review the agency's factual findings or the Attorney
General's exercise of her discretion.").

deportation order, "[r]eview of *factual or discretionary issues* is prohibited.")  Id. at 490 (emphasis added).

Accordingly, the Court should dismiss the habeas corpus petition for lack of jurisdiction because Tavira's claim does not fall within the limited scope of the habeas statute.

### II.  This Court Should Deny Petitioner's Request for Declaratory and Injunctive Relief Because Tavaira's Claim for Relief Has Been "Meaningfully Heard".

Tavira further seeks declaratory and injunctive relief in this matter.  His request is based on his claim that his case was not "meaningfully heard".  Such a claim is without merit.

Tavira was afforded a full hearing on the merits of his relief application before the immigration judge.  The immigration judge carefully weighed the adverse factors and the favorable equities in the case and determined that Tavira did not warrant the relief requested.  A.R. 36-47.  Tavira reserved his right to appeal and filed a brief setting out the arguments for a reversal of the immigration judge's determination.  A.R. 8-15.  The Board reviewed the evidence presented and concluded that the immigration judge did not abuse his discretion in denying the relief application.  A.R. 1-4.  A more "meaningful" hearing could not be had.  See e.g., Toscano-Gil v. Trominski,

11

210 F.3d 470 (5th Cir. 2000); <u>Zamora-Garcia v. INS</u>, 737 F.2d 488

(5th Cir. 1984); <u>Ramos v. INS</u>, 695 F.2d 181 (5th Cir. 1983).

Consequently, the Petitioner's request for declaratory and

injunctive relief should be denied as lacking merit.

## CONCLUSION

Based on the foregoing arguments, Tavira's petition for

writ of habeas corpus and complaint for injunctive and

declaratory judgment should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Georgia Bar No. 590315
September __11__, 2002    Federal Bar No. 23937

12

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Return and Motion to Dismiss Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Judgment was mailed via first class mail, postage prepaid to:

Jodi Goodwin, Esquire
1322 E. Tyler Ave.
Harlingen, TX  78550

on this **11** day of September, 2002.

LISA M. PUTNAM
Special Assistant United States Attorney

**13**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DOROTEO TAVIRA,                    )
                                   )
    Petitioner,                    )
                                   )
v.                                 )        CIVIL ACTION NO.
                                   )          B-02-096
E.M. TROMINSKI, INS DISTRICT       )
DIRECTOR, and                      )
JOHN ASHCROFT, ATTORNEY            )
GENERAL OF THE UNITED STATES,      )
                                   )
    Respondents.                   )
_____)

### ORDER

Upon consideration of the argument presented by the Petitioner and the Respondent, the Court finds that the motion to dismiss the petition for writ of habeas corpus and complaint for injunctive and declaratory judgment should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that the Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Judgment is DISMISSED.

Done this _____ day of _____, 2002.

_____