UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DOROTEO TAVIRA | ) |
| | ) |
| | ) |
| | ) C.A. NO. B-02-096 |
| | ) |
| versus | ) |
| | ) |
| E.M. TROMINSKI, INS DISTRICT | ) |
| DIRECTOR, and | ) |
| JOHN ASHCROFT, UNITED STATES | ) |
| ATTORNEY GENERAL | ) |

**PETITIONER'S BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

I. STATEMENT OF THE ISSUES

    A. THIS COURT RETAINS JURISDICTION TO HERE CHALLENGES TO THE CONSTITUTIONALITY OF DECISIONS OF THE BOARD OF IMMIGRATION APPEALS (BIA) IN HABEAS CORPUS PROCEEDINGS.

    B. THE BIA MUST MEANINGFULLY REVIEW ALL POINTS OF ERROR ALLEGED BY MR. TAVIRA AND ITS FAILURE TO DO SO RISES TO THE LEVEL OF A VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS. SPECIFICALLY, MR. TAVIRA URGED ON APPEAL THAT THE IMMIGRATION JUDGE ERRED BY NOT CONSIDERING THE BIA'S ANALYSIS IN *Matter of Rico,* 16 I.&N. Dec. 181 (BIA 1977), WITH RESPECT TO THE STANDARD FOR REVIEWING THE "REASON TO BELIEVE" ISSUE. THE BIA DID NOT ADDRESS THIS VERY IMPORTANT ISSUE AT ALL IN ITS DECISION.

    C. DUE PROCESS IS VIOLATED WHEN 72 HOURS NOTICE FOR A FINAL ORDER OF REMOVAL TO BE EXECUTED IS NOT GIVEN TO THE IMMIGRANT

II. STATEMENT OF THE CASE

    Mr. Tavira is a thirty-nine year old, married, father of eight children. He is a Mexican national who immigrated to the United States in 1981 when he was only eighteen years of age. He applied for and received temporary resident status during the Amnesty period provided by the Immigration Reform and Control Act of 1986. In 1990, he was granted lawful permanent

residency. A.R. 41.

After receiving his lawful permanent residency, he petitioned for his spouse and children to join him in the United States. Instead of circumventing the immigration laws, Mr. Tavira's entire family remained in Mexico awaiting a priority date for their visa to be current. At the time of Mr. Tavira's hearing before the Immigration Judge, the priority date was still not current for his family to immigrate, however since the hearing, the date has become current and Mr. Tavira's entire family, through incredible expense and heartache, has immigrated to the United States. Mr. Tavira lives with his wife and eight children in the Houston area, however, he is currently working in Colombus, Ohio.

Mr. Tavira makes his living as a carpet and flooring layer. He has been a sub-contractor with Craven Carpet in Houston, Texas since approximately 1986. A.R. 42. He has been arrested two times in his lifetime. The first arrest resulted in a conviction for Driving While Intoxicated in 1990 or 1991 in Harris County, Texas. His license was suspended for a year. A.R. 43. His second arrest was on October 30, 1997, in Cameron County, Texas. Upon reentering the United States, officers discovered that an ice chest that Mr. Tavira was carrying in his van contained approximately fifteen pounds of marijuana concealed in the walls. A.R. 39. Mr. Tavira was unaware of the existence of the marijuana and stated such to the officers at the time of entry. Nonetheless, he was processed for prosecution and removal proceedings. A.R. 40. The District Attorney of Cameron County dismissed the charges against Mr. Tavira because there was no "affirmative link" between Mr. Tavira and the marijuana. Mr. Tavira was never convicted of anything relating to the controlled substances found in his vehicle on October 30, 1997. A.R. 35.

Mr. Tavira was placed in removal proceedings and at a hearing on March 31, 1999 Mr. Tavira admitted the charge of removability and requested relief in the form of Cancellation of Removal for Permanent Residents pursuant to section 240A(a) of the Immigration and Nationality Act (INA). A.R. 34. Mr. Tavira admitted to the charge of removability on the mistaken belief that the Court considered the subjective view of the arresting officer at the port of entry as controlling with respect to the issue of whether or not there was reason to believe that respondent was a drug trafficker. A.R. 34. Given that controlled substances were found in his vehicle while entering the United States, any officer arresting Mr. Tavira would have reason to

believe that Mr. Tavira was a drug trafficker. As is well documented throughout the record, the issue of whether or not the subjective belief of the arresting officer is the standard to be utilized in analyzing the issue of removability. A.R. 34-36. The Immigration Judge (IJ) requested the parties brief the issue and allowed oral argument with respect to the same. The respondent below asserted (and continues to assert) that the proper standard for reviewing reason to believe cases is an objective one based on the totality of all of the circumstances and such a finding can not properly be made until an Immigration Judge hears all of the evidence regarding the issue. However, at the time of the pleadings in this case, Mr. Tavira believed that the standard employed by the Court was a subjective one based only on the belief of the arresting officer at the time of arrest.

After presenting evidence with respect to a request for cancellation fo removal, the IJ denied relief basically citing that the respondent's testimony was misplaced with respect to his knowledge of the controlled substance. The IJ stated that because Mr. Tavira had admitted to the charge of removability, he could not then claim absolute innocence with respect to the marijuana. The IJ asserted that the two were mutually exclusive and because he admitted the reason to believe, he was precluded from denying that he was a drug trafficker. Because he had denied that fact, the IJ found that part of his testimony was incredible, however found him credible in all other respects. A.R. 40-41.

The respondent appealed alleging several errors in his Notice of Appeal. He filed a brief in support of his appeal, the majority of which dealt with the issue of the appropriate standard to be employed in reviewing reason to believe cases. A.R. 8-14. Then the BIA issued a decision in 2002 that did not address the issue of the appropriate standard to be used when deciding reason to believe cases, and did not comport with Fifth Circuit standards for the issuance of a decision. Mr. Tavira was not meaningfully heard on the issue of the appropriate standard of review for reason to believe cases. Instead of focusing on the issues brought by Mr. Tavira's appeal, the BIA went into great detail to discuss the issue of withdrawal of request for admission. A.R. 2-4. Although Mr. Tavira did request a withdrawal of his request for admission, that request was made in the alternative to the Cancellation of Removal and was not focused on at all in Mr. Tavira's brief to the BIA. The crux of Mr. Tavira's appeal was that the IJ employed the incorrect

standard for reviewing reason to believe cases. Because the inappropriate standard was employed, the IJ made inappropriate credibility findings as well as inappropriately balanced positive and negative factors in deciding Mr. Tavira's application for Cancellation of Removal. Mr. Tavira urges that it is one thing to admit that another may have a **reason to believe** that one is a drug trafficker, and quite another thing to admit to **being** a drug trafficker. Mr. Tavira asserts that there is nothing misplaced about his testimony regarding the facts and circumstances that led to his arrest. Given that the only negative factor in Mr. Tavira's case is a twelve year old driving while intoxicated conviction, Mr. Tavira's positive equities such as long residency, stable work history, and family ties far outweigh the negative factors in this case.

On May 6, 2002, Mr. Tavira reported to the Harlingen Deportation section to renew his I-94 (temporary proof of lawful permanent residency). When he appeared, the BIA had already issued its decision, but the INS nor counsel had received the decision. After obtaining a fax copy of the decision, the Deportation Officer chose to issue a Warrant of Arrest and detain Mr. Tavira pending removal. Without even the slightest notice to Mr. Tavira, the Immigration and Naturalization Service sought to effectuate the administrative order of removal despite the fact that less than a week had passed since the BIA's decision and the possibility of direct review with the Fifth Circuit. Habeas Petition (Hab. Pet.) at 4-5. This petition for a writ of habeas corpus followed on May 9, 2002.

III. ARGUMENT

    A.    THIS COURT RETAINS JURISDICTION TO HERE CHALLENGES TO THE CONSTITUTIONALITY OF DECISIONS OF THE BOARD OF IMMIGRATION APPEALS (BIA) IN HABEAS CORPUS PROCEEDINGS.

The Respondents argue in their Motion to Dismiss that Mr. Tavira is precluded from seeking habeas relief because Mr. Tavira argues that "the Board erred by failing to address all of the relevant factors in denying his application for relief." Motion to Dismiss (Mot. Dismiss) at 7. Mr. Tavira's argument is misstated by the Respondents. Mr. Tavira does not merely assert that the Board did not consider certain factors in deciding whether or not he should be granted Cancellation of Removal in the Board's discretion, but rather argues that the Board did not

4

consider at all the Immigration Judge's failure to employ the appropriate standard with respect to removability. Such failure to consider this issue rises to constitutional proportions and is thus squarely within the limited scope of review available in habeas proceedings. *See Toscano-Gil v. Trominski*, 210 F.3d 470 (5th Cir. 2000). The Fifth Circuit clearly recognizes the review of constitutional claims in habeas proceedings. *Id.*

Whatever the outer boundaries of permissible review by habeas corpus under 28 U.S.C. §2241, this Court clearly has jurisdiction to review Mr. Tavira's constitutional claim by habeas corpus, which sets this case widely apart from *Toscano-Gil, supra, Sol v. INS*, 274 F.3d 648 (2nd Cir 2001), and *Gutierrez-Chavez v. INS*, 298 F.3d 824 (9th Cir. 2002). Mr. Tavira does not seek habeas for the purpose of second-guessing the discretion of the BIA, but rather to challenge the constitutionality of a decision that does not even address Mr. Tavira's main argument in his appeal brief.

Habeas corpus remains available to review the decision by a Board panel in this case given the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), especially when that decision involves an elementary Due Process violation. *See also Requena-Rodriguez*, 190 F.3d 603(5th Cir. 1999) ("Habeas jurisdiction is capacious enough to include constitutional and statutory challenges."); *Kuhali v. Reno*, 266 F.3d 93 (2nd Cir. 2001; *Mapp v. Reno*, 241 F.3d 221 (2nd cir. 2001); *Henderson v. INS*, 157 F.3d 106 (2nd Cir. 1998), *cert. denied*, 119 S. Ct. 1141 (1999). As the Supreme Court made clear in *St. Cyr*, there must be a plain statement of intent to repeal habeas corpus jurisdiction, which simply does not exist here. Furthermore, just as in *St. Cyr*, this conclusion is buttressed by the strong presumption in favor of judicial review of agency action as well as the need to avoid the serious constitutional issues that would be presented under the Suspension Clause of the Constitution, Article I, Section 9, clause 2, if IIRIRA were read to suspend habeas corpus matters having nothing to do with rebellion or invasion. In short, habeas corpus jurisdiction under 28 U.S.C. §2241 continues to be available here, just as in *St. Cyr*.

Furthermore, habeas corpus can clearly address the substantial legal questions presented here, as *St. Cyr* also confirms. Thus in considering the pre-1952 use of habeas corpus in immigration cases, when the writ had been limited to the furthest extent permitted under the Constitution short of suspension, *St. Cyr* expressly recognized that "[h]abeas courts regularly

answered questions of law that arose in the context of discretionary relief," and that courts "routinely reviewed" decisions on discretionary relief "to ensure the lawful exercise of discretion." *St. Cyr*, 2001 U.S. LEXIS 4670 at 34 and 36 n.30 and cases cited. *See, e.g., United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (review of failure to exercise discretion); *Gegiow v. Uhl*, 239 U.S. 3 (1915) (Holmes, J.) (On habeas corpus in immigration case, courts may determine whether "reasons, when they are given, agree with the requirements of the act."); and *United States ex rel. Adel v. Shaughnessy*, 183 F.2d 371 , 372 (2nd Cir. 1950) (courts may grant relief under habeas corpus where there "has been a clear abuse of discretion or a clear failure to exercise discretion.").

By contrast, the government's reliance upon *Sol v. INS*, 274 F.3d 648 (2nd Cir. 2001), where the alien petitioner appeared pro se, is sorely misplaced. In that case, the Immigration Judge had denied relief under Section 212(c), and the BIA affirmed this denial. As the *Sol* panel repeatedly emphasized, 274 F.3d at 650, the pro se petition in that case did "not raise a statutory or constitutional claim," and, instead, simply claimed that the BIA's denial of relief had been an abuse of discretion. In short, *Sol* simply did not involve any serious Due Process claim remotely similar to that presented here or, as discussed below, any of the other legal claims raised in this case. Accordingly, *Sol* cannot be read to limit habeas corpus jurisdiction over Mr. Tavira's Due Process claim or his other legal arguments.

Due Process, of course, applies in removal proceedings both before the Immigration Judge and the BIA. *See, e.g., Bridges v. Wixon*, 326 U.S. 135 (1945). Moreover, this is especially true here where the liberty interest at stake is Mr. Tavira's life in the United States as a permanent resident. *Zadvydas v. Davis*, 533 U.S. 678 (2001) (recognizing enhanced constitutional protection for permanent resident); *Landon v. Plascencia* 459 U.S. 21, 32 (1982) ("[O]nce an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."); and *Kim v. Ziglar*, 276 F.3d 523, 532 (9th Cir. 2001) (recognizing constitutionally favored status of permanent resident). Moreover, the devastating impact of removal, especially in a case such as this, underscores the importance of due process protection since deportation is a "a sanction which in severity surpasses all by the most Draconian criminal penalties." *Lok v. INS*, 548 F.2d 37, 39 (2nd Cir.

6

1977). *See also INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987) ("[d]eportation is always a harsh measure"); *Costello v. INS*, 376 U.S. 120, 128 (1964) (deportation is a "drastic measure" where the "stakes are considerable for the individual"). Indeed, as the Supreme Court recognized in *Ng Fung ho v. White*, 259 U.S. 276, 284 (1922) deportation may "result . . . in loss of both property and life; or of all that makes life worth living." Furthermore, these concerns take on added significance in this case since removal would separate Mr. Tavira from his family in the United States and "the family and relationships between members . . . are a fundamental part of the values which underlie our society." *Bastidas v. INS*, 609 F.2d 101, 105 (3rd Cir. 1979).

B. THE BIA MUST MEANINGFULLY REVIEW ALL POINTS OF ERROR ALLEGED BY MR. TAVIRA AND ITS FAILURE TO DO SO RISES TO THE LEVEL OF A VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS. SPECIFICALLY, MR. TAVIRA URGED ON APPEAL THAT THE IMMIGRATION JUDGE ERRED BY NOT CONSIDERING THE BIA'S ANALYSIS IN *Matter of Rico,* 16 I.&N. Dec. 181 (BIA 1977), WITH RESPECT TO THE STANDARD FOR REVIEWING THE "REASON TO BELIEVE" ISSUE. THE BIA DID NOT ADDRESS THIS VERY IMPORTANT ISSUE AT ALL IN ITS DECISION.

The Due Process clause requirement of a "full and fair hearing" mandates that the Board review all relevant evidence submitted on appeal. In other words, Due Process requires "that the decision maker actually consider the evidence and argument that a party presents." *Morgan v. united States*, 298 U.S. 468, 481 (1936). Far from complying with this basic requirement of Due Process, the BIA did not even address Mr. Tavira's main allegation on appeal: that he could both admit the "reason to believe" charge of removability and still maintain his innocence regarding criminal involvement. The Due Process clause, however, simply does not permit an appellate tribunal to employ such selective memory loss with respect to which arguments the BIA wants to address.

The BIA's review of the decision of the IJ did not comport with the standards promulgated by the Fifth circuit in *Diaz Resendez v. INS*, 960 F.2d 493 (5th cir. 1992) and *Rodriguez Gutierrez v. INS*, 59 F.3d 504 (5th Cir. 1995), thereby denying Mr. Tavira Due Process. In both cases, the Fifth Circuit held that "the BIA must meaningfully address all relevant material factors." 960 F.2d 493, 495; 59 F.3d 504, 508. The BIA should engage in a

7

substantial inquiry as to the basis of the IJ's decision, and undertake it's own, independent evaluation of the record. Here, the BIA did not meaningfully address the issue of the standard of review for reason to believe cases, in fact, they did not address it at all. Mr. Tavira was denied Due Process when the BIA ratified the IJ's decision absent a significant inquiry into its basis, and lack of any deliberate explanation thereof with respect to Mr. Tavira's main argument on appeal.

While prejudice from the BIA panel's consignment of the evidence and argument to the "memory hole" should be apparent, the Respondent's incorrectly state in their Motion to Dismiss that the "Board reviewed the evidence presented and concluded that the immigration judge did not abuse his discretion in denying the relief application." Mot. Dismiss 11. The respondent's miss the mark in making this statement: Mr. Tavira argued in his appeal brief that the wrong standard of review was employed, not merely that the wrong discretionary call was made. Because the wrong standard of review was employed, the subsequent discretionary decision is skewed against Mr. Tavira. Mr. Tavira sought review by the BIA on the issue of the standard to be used, but the BIA altogether dodged this issue. In fact the BIA so cursory reviewed the record of proceedings that they concluded "even if his arrest at the border and previous DWI conviction were not considered" the discretionary decision would still stand, notwithstanding the fact that these two arrests were the only negative factors of record. If these two facts were discounted, and all that was left in the balancing "pile" were positive equities, the BIA says it would not disturb the IJ's decision. Where there are no negative factors to balance against positive equities, the balance weighs in the favor of the alien every time. It escapes logic how the BIA can determine that a decision will not be disturbed where there are no negative factors taken into consideration.

As Mr. Tavira argued in his appeal brief to the BIA, its own precedent required the BIA to analyze the standard for determining "reason to believe." Mr. Tavira admitted that an official of the United States might have reason to believe that he was a drug trafficker, which is very different from admitting that he is a drug trafficker. *Matter of Rico, supra*, requires that the IJ analyze the issue of reason to believe by taking into consideration both the version of events as recorded by law enforcement officials, as well as by the respondent. In this case, Mr. Tavira truthfully testified as to the events that led to his possession of the ice chest as well as what he

was supposed to do with the ice chest once he arrived in the United States. There is no evidence of record to controvert Mr. Tavira's version of the events. Instead of conducting a *Rico* analysis, the IJ concluded that because Mr. Tavira had admitted that an officer might have had reason to believe he was a drug trafficker, he was a drug trafficker.

> C. DUE PROCESS IS VIOLATED WHEN 72 HOURS NOTICE FOR A FINAL ORDER OF REMOVAL TO BE EXECUTED IS NOT GIVEN TO THE IMMIGRANT

The respondents did not even address the issue of the constitutionality of the attempted deportation of Mr. Tavira without providing at least a 72 hour notice to the alien. This 72 hour hold on deportations has been district-wide policy since approximately 1992 resulting from an agreement to settle a case out of McAllen at that time. Mr. Tavira asserts that over the years the agreement has become eroded where, as here, the alien is given no notice of the deportation. It violates Due Process to execute the order of removal without a 72 hour notice because otherwise, there is no time for aliens to meaningfully act against said order. The issue of the 72 hour hold policy is being re-litigated in the *Aracely Zamora-Garcia v. Trominski* case that is now pending before this court.

IV. CONCLUSION

This Court retains jurisdiction to review the BIA's decisions where said decisions violate constitutional notions of Due Process. Specifically, where the BIA does not even address a major issue on appeal, there is clear error implicating Mr. Tavira's constitutional right to Due Process and he has not been meaningfully heard as that concept is defined by the Fifth Circuit. It violates constitutional notions of Due Process to effectuate an administrative order of removal without giving the alien 72 hours notice of the same.

Mr. Tavira requests this court issue a writ of habeas corpus; find that the BIA's decision violates the constitutional notions of Due Process; reopen the removal proceedings and remand the matter to the Immigration Judge for further proceedings consistent with the analysis set forth above; and enjoin the INS from executing any administrative order of removal unless at least 72 hours notice is provided to counsel and to the alien. Mr. Tavira requests that the Respondent's

Motion to Dismiss Petition for Write of Habeas Corpus be denied.

Respectfully submitted,

_____
Jodi Goodwin, Esq.
Law Office of Jodi Goodwin
1322 East Tyler Avenue
Harlingen, Texas 78550
9560428-7212
956-428-7360(fax)
Fed. ID: 20102
Texas Bar: 00793835

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing brief was served upon Lisa Putnam, Special Assistant United States Attorney, US INS, by first class mail to PO Box 1711, Harlingen, Texas 78551, on this the 16th day of December, 2002.

_____
Jodi Goodwin, Esq.

10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DOROTEO TAVIRA )<br>)<br>)<br>)<br>versus )<br>)<br>E.M. TROMINSKI, INS DISTRICT )<br>    DIRECTOR, and )<br>JOHN ASHCROFT, UNITED STATES )<br>    ATTORNEY GENERAL ) | C.A. NO. B-02-096 |

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Respondents' Motion to Dismiss and Petitioner's Petition for Writ of Habeas Corpus. Upon consideration of the same, and the record as a whole, the Court is of the opinion that Respondents' Motion to Dismiss should be and is hereby DENIED, and Petitioner's Petition for Writ of Habeas Corpus should be and is hereby GRANTED.

DONE this ____ day of _____, 2002

at Brownsville, Texas.

_____