IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 21 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DOROTEO TAVIRA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | B-02-096 |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR, and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

### RESPONDENTS' RESPONSE TO PETITIONER'S BRIEF
### IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and file this Response to Petitioner's Brief in Support of Petition for Writ of Habeas Corpus.

### ISSUES PRESENTED

I. WHETHER THIS COURT HAS JURISDICTION IN
HABEAS CORPUS PROCEEDINGS TO HEAR
CONSTITUTIONAL CHALLENGES OF THE BOARD OF
IMMIGRATION APPEALS DECISIONS?

II. WHETHER PETITIONER'S ALLEGATIONS OF ERROR PRESENTED TO THE BOARD OF IMMIGRATION APPEALS WERE MEANINGFULLY REVIEWED?

III. WHETHER DUE PROCESS IS VIOLATED WHEN THE ALIEN IS NOT GIVEN 72 HOURS NOTICE BEFORE THE EXECUTION OF A FINAL ORDER OF REMOVAL?

## STATEMENT OF THE CASE

On October 27, 1997, the Petitioner, Doroteo Tavira ("Tavira" or "Petitioner") applied for admission as a returning as a lawful permanent resident. Certified Administrative Record ("A.R.") 408. At the time of his attempted entry, 15.42 pounds of marijuana was found secreted in the walls of an ice chest in the vehicle Tavira was in and, consequently, a Notice to Appear was issued charging him as inadmissible pursuant to §212(a)(2)(C) of the Immigration and Nationality Act ("Act" of "INA"). A.R. 293, 408.

After initially denying removability, Tavira, through counsel, admitted he was removable from the United States as charged. Subsequently, Tavira made a motion to withdraw that admission, which was denied. A.R. 34-35. The immigration judge found that Tavira was removable pursuant to §212(a)(2)(C) of the Act based on the pleadings. A.R. 36.

After a merits hearing, the immigration judge denied Tavira'a application for cancellation of removal. A.R. 47. The immigration judge ordered Tavira's removal from the United States. A.R. 31, 47. Tavira appealed the immigration judge's decision. A.R. 24-25.

In a decision dated April 29, 2002, the Board of Immigration Appeals ("Board" or "BIA") sustained the immigration judge's decision. A.R. 3-4. The Petitioner has now filed the instant petition for writ of habeas corpus seeking judicial review of the Board's decision.

### ARGUMENT

I. IN THIS CASE, THIS COURT DOES NOT HAVE JURISDICTION IN HABEAS CORPUS PROCEEDINGS TO HEAR CONSTITUTIONAL CHALLENGES OF THE BOARD OF IMMIGRATION APPEALS DECISIONS.

A. Habeas Corpus Is Not Available Where the Court of Appeals Can Hear the Issues Presented by a Petitioner.

The law of the circuit is clear that habeas corpus is not available where the court of appeals could have heard the issue presented by a petitioner. See Santos v. INS, 228 F.3d 591, 597 (5th Cir. 2000) (habeas corpus was not available to a "transition" rule alien where the alien had previously obtained review in the court of appeals pursuant to a petition for

review); <u>Rivera-Sanchez v. INS</u>, 198 F.3d 545, 547-48 (5th Cir. 2000) (district court lacked jurisdiction over the alien's, who was not subject to any limitation on review in the court of appeals, habeas petition because the issues raised by Rivera could have been heard in a petition for review); <u>Requena-Rodriguez v. Pasquarell</u>, 190 F.3d 299, 306 (5th Cir. 1999) (habeas corpus was available to a transition-rule criminal alien where no review was available in the court of appeals).

Thus, collateral challenges under §2241 are not available where direct review is available in the court of appeals.

   B. The Court of Appeals on Petition for Review Has Jurisdiction to Determine Jurisdiction and to Review Substantial Constitutional Issues Even Where the Court's Review is Restricted by INA §242(a)(2)(C) of the Act.

Under the post-Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996) ("IIRIRA") judicial review scheme, the Court's jurisdiction over challenges to removal orders by certain classes of criminal aliens, including those who have committed a controlled substance offense under §212(a)(2)(C) of the Act, 8 U.S.C. §1182(a)(2)(C), is restricted. §242(a)(2)(C) of the Act, 8 U.S.C. §1252(a)(2)(C) (West 2001). <u>Calcano-Martinez v. INS</u>,

4

121 S. Ct. 2268, 2270 (2001). Notwithstanding the language of §242(a)(2)(C) of the Act, however, the Court retains jurisdiction to determine whether it has jurisdiction over a particular matter. Balogun v. Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001) ("Despite this denial of jurisdiction, we retain jurisdiction to review jurisdictional facts."); Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000), cert. denied 121 S. Ct. 757 (2001); Flores-Leon v. INS, 272 F.3d 433 (7th Cir. 2001). Accordingly, on petition for review, the court of appeals will review whether Petitioner is (1) an alien, (2) who is removable, (3) by reason of having committed a criminal offense covered in §212(a)(2)(C) of the Act. §242(a)(2)(C) of the Act, 8 U.S.C. §1252(a)(2)(C) (West 2001); Balogun, 270 F.3d at 278.

The court of appeals also retains "jurisdiction to consider whether the jurisdiction-stripping provision0s of the statute are being constitutionally applied and to consider any substantial constitutional claims." Balogun, 270 F.3d at 278 n.11. (describing substantial constitutional claims as an "alternative route to jurisdiction"); and see Webster v. Doe, 486 U.S. 592, 603 (1988); Flores-Leon v. INS, 272 F.3d 433, 437-38, (7th Cir. 2001) ("an alien may challenge his deportability on constitutional grounds directly in the court of appeals

5

provided that he raises a substantial constitutional claim"); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 n.2 (11th Cir. 2001) (holding that there is no "statutory constraint on [the court's] jurisdiction to address constitutional challenges") (citing Richardson v. Reno, 180 F.3d 1311, 1316 n. 5 (11th Cir. 1999)); Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304, 1311 (2001) ("Despite the broad language of §1252(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to IIRIRA."); Lara-Ruiz v. INS, 241 F.3d 934, 938-39 (7th Cir. 2001) (same).

If the court of appeals determines that the jurisdictional facts for review preclusion are present, and that no substantial constitutional issues are raised, it must dismiss the petition for review for lack of jurisdiction. Lara-Ruiz, 241 F.3d 938-39.

    C.    Tavira Cannot Collaterally Attack His Order of Removal in Habeas Corpus Because Direct Review in the Court of Appeals Was Available on Petition for Review.

Here, it is clear that Tavira could have raised his issues in the court of appeals on petition for review. Tavira claims due process violations by the immigration judge and the Board in determining removability and eligibility for discretionary

relief. To the extent that Tavira raises any constitutional issues, the court of appeals retains jurisdiction over any constitutional issues regarding the application of a ground of removal. <u>Balogun v. Ashcroft</u>, 270 F.3d 274 (5th Cir. 2001). Thus, the court of appeals could have reviewed Tavira's claims on petition for review and he cannot obtain such review by way of habeas corpus. In the present litigation, the Tavira has circumvented normal procedures by avoiding a petition for review in the Fifth Circuit Court of Appeals ("5th Circuit") altogether. Accordingly, this Court lacks jurisdiction over the habeas corpus petition.

Tavira's argument is essentially a challenge concerning the discretionary denial of discretionary relief pursuant to §240A(a) of the Act, even though Tavira characterizes the challenge as one to the finding of removability. A.R. at 12-14. In neither his Notice of Appeal nor his appeal brief does Tavira clearly challenge the ground of removability. <u>See</u> A.R. 8-15; 24-25.

Section 242(a)(2)(B) of the Act precludes judicial review by any court of "any judgment regarding the granting of relief under section . . . 240A [of the Act]," cancellation of removal. This provision does not preclude court of appeals review of

7

legal questions respecting the application of §240A(a) of the Act or review of constitutional challenges. Just as the court of appeals may not review discretionary decisions respecting discretionary relief, this Court in habeas may not similarly entertain such a claim.

In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that Congress did not preclude habeas corpus jurisdiction for the purpose of reviewing pure questions of law raised by criminal aliens. In holding that habeas corpus remains available under 28 U.S.C. §2241 for such claims, however, the Court also stated that, historically, courts have not reviewed factual determinations or exercised other APA-type review in habeas corpus proceedings. Id. at 306 (citing Ekiu v. United States, 142 U.S. 651 (1892)). Indeed, the Court emphasized that the scope of habeas review is limited. Id.

The dissent complained that allowing habeas review for criminal aliens would result in such aliens having "*more* opportunities for (and layers of) judicial review (and hence more opportunities for delay) than are afforded *non*-criminal aliens." Id. at 334-335 (Scalia, J., dissenting) (emphasis added). The majority responded to this criticism by explaining that "as we have noted, the scope of review on habeas [that we

8

are conferring on criminal aliens] is *considerably more limited than on APA-style review* [that non-criminal aliens receive under the Act such as review over an abuse of discretion claim]." <u>Id.</u> at 314 n.38.

## II. PETITIONER'S ALLEGATIONS OF ERROR PRESENTED TO THE BOARD OF IMMIGRATION APPEALS WERE MEANINGFULLY REVIEWED.

Tavira further seeks declaratory and injunctive relief in this matter. His request is based on his claim that his case was not "meaningfully heard". Such a claim is without merit. Now challenging the Board's decision as failing to properly review the finding of removability instead of the denial of discretionary relief, Tavira wants this Court of review an issue that was not clearly set out in his appeal to the Board. <u>See</u> A.R. 8-15; 24-25. Charging the Board violated his due process rights by failing to address the "main allegation on appeal," Tavira claims the Board "employed such selective memory loss with respect to which arguments the BIA wants to address" instead of the ones raised on appeal. Petitioner's Brief in Support of Petition for Writ of Habeas Corpus ("Pet. Brief") at 7.

Tavira's Notice of Appeal sets out the reasons for his challenge to the immigration judge's denial of his discretionary

relief. A.R. at 24-25. Tavira alleges that the immigration judge erred in not allowing him to amend his pleadings, erred in not allowing him to withdraw his application for admission, and erred and abused his discretion in denying his application for relief. Id. Further, Tavira challenges whether the immigration judge erred in finding that there was an objective reason to believe he was trafficking in drugs and using that fact as a negative factor in the determination of Tavira's eligibility for cancellation of removal. A.R. at 12-14.

Tavira was afforded a full hearing on the merits of his relief application before the immigration judge. The immigration judge carefully weighed the adverse factors and the favorable equities in the case and determined that Tavira did not warrant the relief requested. A.R. 36-47. Tavira reserved his right to appeal and filed a brief setting out the arguments for a reversal of the immigration judge's determination. A.R. 8-15. The Board reviewed the evidence presented and concluded that the immigration judge did not abuse his discretion in denying the relief application. A.R. 1-4. A more "meaningful" hearing could not be had. See e.g., Toscano-Gil v. Trominski, 210 F.3d 470 (5th Cir. 2000); Hernandez-Cordero v. USINS, 819 F.2d 558, 563 (5th Cir. 1987); Osuchukwu v. INS, 744 F.2d 1136,

1142-1142 (5th Cir. 1984); <u>Zamora-Garcia v. INS</u>, 737 F.2d 488 (5th Cir. 1984); <u>Ramos v. INS</u>, 695 F.2d 181 (5th Cir. 1983).

Consequently, the Petitioner's request for declaratory and injunctive relief should be denied as lacking merit.

### III. DUE PROCESS IS NOT VIOLATED WHEN THE ALIEN IS NOT GIVEN 72 HOURS NOTICE BEFORE THE EXECUTION OF A FINAL ORDER OF REMOVAL.

Tavira attempts to delay the execution of his removal order by couching his claim in terms of a need for 72-hour notice and claiming that without such notice, his due process rights are violated. He cites no relevant regulation, statute, or other law that would arguably support his procedural argument, because none exist.

As the Fifth Circuit aptly stated in <u>Cardoso v. Reno</u>, 216 F.3d 512, 515, (5th Cir. 2000) "regardless of how she describes her claim, Florentina Cardoso undeniably seeks to prevent the Attorney General from executing a removal order." The instant petition is analagous and the law is clear that this Court lacks jurisdiction to review the Attorney General's execution of deportation or removal orders.

Tavira cannot obtain the relief he seeks without forcing the Attorney General, or his delegate, the Service, to execute

cause or ⟨
from the ⟨
commence ]
removal o:

See IIRIRA §30

in order to pr

of Appeals ove

from challengi

outside the co

established by

By enacti

emphasize, to

jurisdiction"

by making clea

to the Attorne

proceedings, a

except in the

filed in the l

Act ("Except ⟨

other provisi⟨

.") (emphasis

Last yea

precludes jud

removal orders in the manner he prescribes, when h

without any authority or support. His petition es

amounts to an attack on the Service's lack of reso

*immediately* remove him, and if he is actually remo

date, he claims "lack of notice."

However, it is well-settled that decisions re

execution of deportation or removal orders are not

review in the courts. See Cardoso at 516, stating

explained in Alvidres-Reyes, 'the Congressional ai:

is to protect from judicial intervention of the At

General's long-established discretion to decide wh⟨

to prosecute or adjudicate removal proceedings or

removal orders.'" In IIRIRA, Congress sought to i:

Attorney General's discretion regarding the commen⟨

adjudication, and execution of deportation and rem⟨

Tavira plainly seeks to interfere with that discret

attempt, however, is expressly precluded under the

the Act enacted in IIRIRA.

In particular, IIRIRA §306(a) amends §242(g) ⟨
provide:

> (g) EXCLUSIVE JURISDICTION. Except as provid
> this section and notwithstanding any other pro
> of law, no court shall have jurisdiction to he

removal orders. In <u>Foster v. Townsley</u>, 243 F.3d 210 (5th Cir. 2001) plaintiff argued that the Service's violation of a non-discretionary stay order was separate from the discretionary decision to execute a removal order. The Fifth Circuit disagreed and stated the challenge to execute his deportation, despite non-discretionary regulations requiring a stay, were not subject to judicial review.

Clearly, despite Tavira's attempt to confuse the issue, this charge of a due process violation does no more than challenge the execution of his final order. Section 242(g) expressly precludes this Court from considering any attempt to control the Attorney General's discretion in such matters outside the context of review scheme in §242 of the Act. <u>See</u> 8 U.S.C. §1252(g).

Accordingly, the district court lacks jurisdiction over the Tavira's petition on this issue as well.

## **CONCLUSION**

"[T]he United States has always been a nation of immigrants; it is one of our greatest strengths. But aliens arriving at our shores must understand that residency in the United States is a *privilege*, not a *right*. For those aliens ... who engage in ...

14

criminal acts during their stay here, this country will not offer its embrace." Matter of Jean, 23 I&N Dec. 373, 384 (A.G. 2002) (emphasis added). Having no right to remain in this country, Tavira should have been aware of the possibility that his privilege to reside here legally was in jeopardy at the time he was arrested at the port of entry. To believe otherwise is unconscionable.

This Court lacks jurisdiction to consider any of Tavira's claims because he either failed to directly appeal the issues to the 5th Circuit or judicial review is precluded by statute. Therefore, Tavira's petition for writ of habeas corpus and complaint for injunctive and declaratory judgment should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

_____
LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

January 16, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Response to Petitioner's Brief in Support of Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

>Jodi Goodwin, Esquire
>1322 E. Tyler Ave.
>Harlingen, TX  78550

on this 16th day of January, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney