*18*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DOROTEO TAVIRA,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CA NO B-02-096 |
| E. M. TROMINSKI, INS DISTRICT<br>DIRECTOR, and JOHN ASHCROFT,<br>ATTORNEY GENERAL OF THE UNITED<br>STATES,<br>    Respondents. | §<br>§<br>§<br>§<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Doroteo Tavira has filed an application for writ of habeas corpus pursuant to 28

U.S.C. §2241 as well as a complaint for injunctive relief and declaratory judgment. (Doc. 1). For

the reasons set forth below, the Petitioner's application should be DENIED and his complaints

should be DISMISSED.

### JURISDICTION AND VENUE

Jurisdiction herein is appropriate under 28 U.S.C. § 2241 (habeas corpus), 1331 (federal

question), and 1346 (a) (2) (actions against officers of the United States), and pursuant to 28 U.S.C.

§ 2201, *et seq* (Declaratory Judgment Act).  Many of the alleged acts and omissions complained of

by the Petitioner occurred in Harlingen, Texas, where Respondent Trominski maintains his offices.

### BACKGROUND

Petitioner Doroteo Tavira ("Tavira" or "Petitioner"), is a thirty-nine year old, married, father

of eight children.  He is a Mexican national who immigrated to the United States in 1981 when he

was eighteen years old.  He applied for and received temporary resident status during the Amnesty

1

period provided by the Immigration Reform and Control Act of 1986. In 1990, he was granted lawful permanent residency. A.R. 41.

On October 27, 1997, Tavira applied for admission as a returning lawful permanent resident. A.R. 408. When Tavira was attempting to enter, 15.42 pounds of marijuana was found hidden in the walls of an ice chest inside the vehicle in which Tavira was travelling. A.R. 293. A Notice to Appear was subsequently issued to Tavira who was charged as inadmissible to the United States as an alien who an immigration officer had reason to believe was a controlled substance trafficker pursuant to §212 (a) (2) (C) of the Immigration and Nationality Act ("Act" or "INA"). A.R. 408.

At a hearing on March 31, 1999, Tavira admitted the charge of removability and requested relief in the form of Cancellation of Removal for Permanent Residents pursuant to § 240A (a) of the INA. A.R. 34. Tavira admitted to the charge of removability on the mistaken belief that the Court considered the subjective view of the arresting officer at the port of entry as controlling with respect to the issue of whether or not there was reason to believe that Tavira was a drug trafficker. A.R. 34. Tavira made a motion to withdraw the admission, but that motion was denied. A.R. 34-35. The immigration judge found that Tavira was removable pursuant to § 212(a) (2) (C) of the INA based on the pleadings. A.R. 36.

After a merits hearing, the immigration judge denied Tavira's application for cancellation of removal. A.R. 47. The IJ found that the favorable factors were insufficient to outweigh the adverse factors of record to warrant a grant of the requested relief. A.R. 47. Tavira appealed the IJ's decision. A.R. 24-25. Tavira alleged the following errors:

1. The immigration judge erred in not allowing Tavira to amend his pleadings;

2

2. The immigration judge erred and abused his discretion in denying Tavira's application for relief by failing to give appropriate weight to his favorable equities and giving inappropriate weight to his negative factors;

3. The immigration judge erred in not allowing Tavira to withdraw his application for admission.

A.R. 24. Petitioner's appellate brief argued that an admission of removability for drug trafficking is insufficient to establish removability. Tavira claimed that drug trafficking requires "knowledge" of the presence of the drugs, which Tavira claimed he did not have.

The Board of Immigration Appeals ("BIA") sustained the IJ's decision in a decision dated April 29, 2002. A.R. 3-4. On May 6, 2002, Tavira reported to the Harlingen Deportation section to renew his I-94 (temporary proof of lawful permanent residency). When Tavira appeared, the BIA had already issued its decision, however, neither the INS nor counsel had received the decision. After obtaining a fax copy of the decision, the Deportation Officer issued a Warrant of Arrest and detained Tavira pending removal. Tavira now files this petition for writ of habeas corpus seeking judicial review of the BIA's decision.

## FORMS OF RELIEF

Petitioner urges that his detention and order for removal violate the Constitution of the United States. Tavira asserts that the BIA did not consider certain factors in deciding whether or not he should be granted Cancellation of Removal, which is in the BIA's discretion. Tavira also urges that the BIA did not consider at all the IJ's failure to employ the appropriate standard with respect to removability. A constitutional challenge is cognizable within the limited scope of review available in habeas corpus proceedings for criminal permanent resident aliens. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).

*Declaratory Judgment*

3

Petitioner also seeks a Declaratory Judgment declaring that the BIA's decision violates the constitutional notions of Due Process.

### Injunctive Relief

Petitioner further seeks an Injunction requiring the BIA to reopen the removal proceedings and remand the matter to the IJ for further proceedings and also to enjoin the INS from executing any administrative order of removal unless at least 72 hours notice is provided to counsel and to Petitioner.

### ANALYSIS

*The Issue of Whether this Court has Jurisdiction in Habeas Corpus Proceedings to Hear Constitutional Challenges of the Board of Immigration Appeals Decisions*

I. Habeas Corpus Is Not Available Where the Court of Appeals Can Hear the Issues Presented by a Petitioner

The law in the Fifth Circuit clearly dictates that habeas corpus is not available where the Court of Appeals could have heard the issue(s) presented by a petitioner. *See Rivera-Sanchez v. INS*, 198 F.3d 545, 546-47 (5th Cir. 1999) (district court lacked jurisdiction over the alien's, (who was not subject to any limitation on review in the court of appeals), habeas petition because the issues raised by Rivera-Sanchez could have been addressed in a petition for review); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 305 (5th Cir. 1999) (habeas corpus available to a transition-rule criminal alien where no review was available in the court of appeals). In *Requena-Rodriguez, Id.* at 306, the Court summarized Chief Justice Posner's explanation for the restriction on habeas in this context in *LaGuerre v. Reno*, 164 F.3d 1035, 1039 (7th Cir. 1998) stating, "Congress intended to *streamline*

review of deportation decisions, not multiply the fora to which criminal aliens could resort, thereby delaying their deportation," (emphasis in original).

> II. The Court of Appeals, On Petition for Review, Has Jurisdiction to Determine Jurisdiction and to Review Substantial Constitutional Issues Even Where the Court's Review is Restricted by INA § 242(a)(2)(C).

As the Respondent's Response to Petitioner's Brief in Support of Petition for Writ of Habeas Corpus (Doc. 17) aptly demonstrates, the Court's jurisdiction, under the post-Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996) ("IIRIRA"), over challenges to removal orders by certain classes of criminal aliens, including those who have committed a controlled substance offense under INA § 212 (a)(2)(C), 8 U.S.C. § 1182 (a)(2)(C), is restricted. INA § 242 (a)(2)(C), 8 U.S.C. § 1252 (a)(2)(C) (West 2001); *see Calcano-Martinez v. INS*, 121 S.Ct. 2268, 2270 (2001). Notwithstanding the express language of INA § 242 (a)(2)(C), the Court retains jurisdiction to determine whether it has jurisdiction over a particular matter. *Balogun v. Ashcroft*, 270 F.3d 274, 278 (5th Cir. 2001) (Despite this denial of jurisdiction, we retain jurisdiction to review jurisdictional facts."). The court of appeals, on petition for review, will review whether the petitioner is (1) an alien, (2) who is removable, (3) by reason of having committed a criminal offense covered in INA § 212 (a)(2)(C). *Id.*

Moreover, the court of appeals retains "jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims." *Id.* at n. 11. (describing substantial constitutional claims as an "alternative route to jurisdiction."). Consequently, if the court of appeals determines that the jurisdictional facts for "review preclusion" are present, and no substantial constitutional issues are raised, the court of appeals must dismiss the petition for review for lack of jurisdiction. *Lara-Ruiz v. INS*, 241 F.3d 934,

5

938-39 (7th Cir. 2001). For the reasons outlined above, Tavira is barred from raising his issues in the form of a petition for habeas corpus because his claims do not raise any substantial constitutional issues.

*The Issue of Whether Tavira's Allegations of Error Were*
*Meaningfully Reviewed by the BIA*

Tavira's Notice of Appeal identifies his grounds to challenge the IJ's denial of his discretionary relief. A.R. at 24-25. Tavira claims that the IJ erred by not allowing him to amend his pleadings, erred in not allowing him to withdraw his application for admission, and erred and abused his discretion in denying his application for relief. *Id.* Tavira also challenges whether the IJ erred in finding that there was an objective reason to believe he was a drug trafficker and using that fact as a negative factor in the determination of Tavira's eligibility for cancellation of removal. A.R. at 12-14.

Tavira was granted a full hearing on the merits of his application for relief before the IJ. The IJ weighed the negative and positive factors in his case and determined that Tavira did not warrant the requested relief. A.R. 36-47. Tavira exercised his right of appeal and filed a brief outlining the bases in favor of a reversal of the IJ's ruling. A.R. 8-15. The BIA reviewed the evidence presented and concluded that the IJ did not abuse his discretion in denying the application for relief.[1] A.R. 4. The BIA also notes that Tavira did not meet his burden of establishing entitlement to cancellation of removal even if his arrest at the border and the DWI conviction were not considered. *Id.* In cases involving analogous circumstances and hearings, the Fifth Circuit has held that a more "meaningful"

---

[1]This Court notes that although Tavira's immediate family was not yet living in the United States at the time this hearing took place, and they are now living here lawfully, this Court is without jurisdiction to consider these positive equities or the weight which would be afforded to them.

hearing could not be had. *See e.g., Toscano-Gil v. Trominski,* 210 F.3d 470 (5th Cir. 2000);

*Hernandez-Cordero v. INS,* 819 F.2d 558, 563 (5th Cir. 1987); *Osuchukwu v. INS,* 744 F.2d 1136,

1142 (5th Cir. 1984). For the reasons discussed above, Tavira's request for declaratory and injunctive

relief should be denied.

*The Issue of Whether Due Process is Violated When*
*Permanent Resident is Not Given 72 Hours Notice Before*
*the Execution of a Final Order of Removal*

Tavira claims that his Due Process rights are violated when he is not afforded 72 hours notice

of his final order for removal before such order is executed. Although Tavira claims that a 72-hour

notice requirement has been district-wide policy, he cites no authority to support this assertion.

Unfortunately, this Court is without jurisdiction to review the Attorney General's execution of

deportation or removal orders. *See Cardoso v. Reno,* 216 F.3d 512, 516 (5th Cir. 2000). As

Respondent reports, Congress' intent when adopting IIRIRA was to insulate the Attorney General's

discretion regarding the commencement, adjudication, and execution of deportation and removal

cases. IIRIRA § 306 (a) specifically amends INA § 242 (g) providing:

> (g) EXCLUSIVE JURISDICTION. Except as provided in this section and
> notwithstanding any other provision of law, no court shall have jurisdiction to hear
> any cause or claim by or on behalf of any alien arising from the decision or action by
> the Attorney General to commence proceedings, adjudicate cases, or execute removal
> orders against any alien under [the INA].

*See* IIRIRA § 306 (a). Here, Tavira's Due Process challenge requires this Court to review an issue

specifically within the exclusive province of the Attorney General. Therefore, this Court should also

dismiss Tavira's petition with respect to this challenge.

**RECOMMENDATION**

For the reasons set forth above, Petitioner's writ of habeas corpus under 28 U.S.C. § 2241

7

should be DISMISSED. Additionally, Petitioner's request for declaratory and injunctive relief should be DENIED.

A party's failure to file written objections to the proposed finding, conclusion, and recommendation in a magistrate judge's report and recommendation within ten days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United States Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DONE at Brownsville, Texas this 21st day of February, 2003.

_____
Felix Recio
United States Magistrate Judge

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DOROTEO TAVIRA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CA NO B-02-096** |
| | § | |
| **E. M. TROMINSKI, INS DISTRICT** | § | |
| **DIRECTOR, and JOHN ASHCROFT,** | § | |
| **ATTORNEY GENERAL OF THE UNITED** | § | |
| **STATES,** | § | |
| **Respondents.** | § | |

## ORDER

BE IT REMEMBERED that before the Court is the Magistrate Judge's Report and

Recommendation in the above-referenced cause of action. After a de novo review of the file:

1)    The Magistrate Judge's Report and Recommendation is hereby **ADOPTED**;

2)    Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is hereby

    **DENIED**;

3)    Petitioner's Request for a Declaratory Judgment is hereby **DENIED**.

4)    Respondent's Motion to Dismiss is hereby **GRANTED**.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge