UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 11 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DOROTEO TAVIRA | ) |
| | ) |
| | ) C.A. NO. B-02-096 |
| | ) |
| versus | ) |
| | ) |
| E.M. TROMINSKI, INS DISTRICT | ) |
| DIRECTOR, and | ) |
| JOHN ASHCROFT, UNITED STATES | ) |
| ATTORNEY GENERAL | ) |

**PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 21st, 2003, Magistrate Judge Felix Recio issued his Report and Recommendation that petitioner's writ of habeas corpus be denied in all respects. Specifically, the Magistrate Judge found that there is no jurisdiction to hear the claims made by petitioner because those claims could be heard on Petition for Review to the Court of Appeals. Then the Magistrate Judge found that the Court of Appeals retains jurisdiction to review whether or not they have jurisdiction despite the "jurisdiction-stripping" provisions of section 242(a)(2)(C) of the Immigration and Nationality Act and retains jurisdiction to review substantial constitutional claims. However the Magistrate Judge goes on to find that petition raises no substantial constitutional claims. The Magistrate Judge also found that the petitioner was given meaningful review by the Board of Immigration Appeals. Based on the above findings, the Magistrate Judge recommends that the petition for writ of habeas corpus be denied.

Petitioner objects to the Magistrate Judges Report an Recommendation in that he incorrectly concludes that he does not have jurisdiction to hear the petition. Likewise, petitioner asserts that the Magistrate Judge incorrectly concludes that petitioner does not raise any

substantial constitutional issues. Finally, petitioner objects to the Magistrate Judge's finding that the Board of Immigration Appeals meaningfully reviewed the decision of the Immigration Judge.

1) **The Court has jurisdiction to hear constitutional challenges to the decisions of the Board of Immigration Appeals**

Petitioner urges that this Court retains jurisdiction to review constitutional challenges to the decisions of the Board of Immigration Appeals and objects to its finding otherwise. In Petitioner's brief in Support of Petition for Writ of Habeas Corpus, petitioner urges that habeas corpus remains available to review the decision by a Board panel in this case given the Supreme Court's decision *INS v. St. Cyr*, 533 U.S. 289 (2001), especially when that decision involves an elementary Due Process violation. Here, the Magistrate Judge's findings make no mention of the Supreme Court's decision in St. Cyr as it relates to the retention of jurisdiction in habeas proceedings. There are no post St. Cyr cases cited at all holding that habeas review of constitutional claims was impermissible because such claims could have been, but were not, raised on direct review. Petitioner urges that, in fact, this court does retain such jurisdiction and relies on the authority cited to in his Brief in support of this position.

In addition, in reviewing the Supreme Court's decision in St. Cyr, the court cited with approval the Fifth Circuit's ruling in *Marcello v. INS*, 634 F.2d 964, 967 (C.A. 5 1981) that even after the 1961 Act, habeas corpus under §2241 co-existed with other forms of review of deportation orders where there was no "deliberate bypass" of available review in the court of appeals. Given the Fifth Circuit's decision in such cases of *Lerma de Garcia v. INS*, 141 F,3d 215 (5th Cir. 1998) (given opportunity for criminal aliens to apply for habeas corpus, and given

provision of IIRIRA precluding judicial review of final deportation orders for aliens convicted of certain criminal offenses, Court of Appeals lacked jurisdiction to hear petitioner's constitutional claims in the context of her appeal of final order of deportation) and *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999) (habeas jurisdiction under §2241 survives for transitional cases under IIRAIRA), there was no deliberate bypass of direct review. In fact, the petitioner contends that his petition is properly before this court and this court retains jurisdiction to review the Board of Immigration Appeals decision in habeas proceedings. At worst, the Magistrate Judge should consider the case to be transferred to the Fifth Circuit for review given that there was no deliberate bypass of that review. Petitioner would note that he filed his petition for habeas corpus well within the 30 day time limit for Petitions for Review which is further indication that there was no deliberate bypass of the direct review.

2)  **Petitioner raises substantial constitutional challenges**

Petitioner urges that he raises several substantial constitutional claims that deserve review by this court and objects to the Magistrate Judge's finding that he raises no substantial constitutional issues. Specifically, petitioner urges that there are at least three substantial constitutional questions presented to the court: Due Process violation with respect to the final order of removal based upon petitioner's substantial liberty interest in being a lawful permanent resident, his substantial liberty interest in being with his family, and the substantial constitutional issue of obtaining meaningful review of the decision of the Immigration Judge and appeal.

Petitioner's Brief in Support of Petition for Writ of Habeas Corpus cites to several cases holding that the status as a lawful permanent resident gains heightened constitutional protection as

an individual develops ties to this country. The Magistrate Judge's decision does not address these cases at all, and simply dismisses them by stating summarily that "his claims do not raise any substantial constitutional issues." R&R at 6. These issues are certainly substantial when weighed against such language as the Supreme Court used to describe deportation in Ng Fung Ho v. White, 259 U.S. 276, 284 (1922) ("result[s] in the loss of both property and life; or of all that makes life worth living"). In addition, the Magistrate Judge's decision does not reconcile why any of these issues are not considered by the Court to be substantial constitutional issues, nor cite to any authority negating their status as such.

  3) **The Board of Immigration Appeals did not meaningfully review the decision in this case.**

Petitioner urges that the Board of Immigration Appeals did not meaningfully review his appeal and objects to the Magistrate Judge's finding otherwise. The Due Process issue raised with respect to the Board of Immigration Appeals' lack of meaningful review of the appeal in this case is a substantial constitutional issue. Specifically, the Supreme Court in *Morgan v. United States*, 298 U.S. 468, 481 (1936) held that Due Process requires that the decision maker actually consider the evidence and argument that a party presents. The Magistrate Judge's Report and Recommendation does not address the fact that the Board of Immigration Appeals did not even consider in its decision the MAIN argument petitioner made on appeal to the Board. Instead, the Magistrate Judge focuses on the process rather than the substance of the decision. Petitioner concedes that all procedures used were appropriate, however the substance of the decision by the Board did not "meaningfully review" the appeal filed by the petitioner. Had the Board meaningfully reviewed the matter, it would have issued a decision at least mentioning the MAIN

point the petition made on appeal to that Board. The decision of the Board does not comply with Fifth Circuit's decisions in *Diaz Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992) and *Rodriguez Gutierrez v. INS*, 59 F.3d 504 (5th Cir. 1995), thereby denying petitioner Due Process.

WHEREFORE Petitioner prays that these objections be sustained and that the Magistrate Judge's Report and Recommendation not be adopted by the District Judge. Further, Petitioner prays that his Petition for Writ of Habeas Corpus be granted. In the alternative, Petitioner prays that the Court transfer the Petition to the Fifth Circuit for direct review.

Respectfully submitted,

Jodi Goodwin, Esq.
Law Office of Jodi Goodwin
1322 East Tyler Avenue
Harlingen, Texas 78550
956-428-7212
956-428-7360 (fax)
Fed. ID: 20102
Texas Bar: 00793835

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing objections was served upon Lisa Putnam, SAUSA, US INS, by hand delivery to her office located at 1709 Zoy Street, Harlingen, Texas, on this the 11th day of March, 2003.

Jodi Goodwin, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DOROTEO TAVIRA | ) |
| | ) |
| | ) C.A. NO. B-02-096 |
| | ) |
| versus | ) |
| | ) |
| E.M. TROMINSKI, INS DISTRICT | ) |
|     DIRECTOR, and | ) |
| JOHN ASHCROFT, UNITED STATES | ) |
|     ATTORNEY GENERAL | ) |

**ORDER**

After considering the Objections to the Magistrate Judge's Report and Recommendation, this Court is of the opinion that said objections should be an hereby are SUSTAINED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is GRANTED.

In the alternative, IT IS ORDERED that the Petition for Write of Habeas Corpus be transferred to the Fifth Circuit for direct review.

Done of this the _____ day of March, 2003.

 

_____
United States District Judge