IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 2 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DOROTEO TAVIRA, | § § | |
| Petitioner, | § § | |
| v. | § § | C.A. No. B-02-96 |
| | § § | |
| E.M. TROMINSKI, ET AL. | § § | |
| Respondents.[1] | § | |

## ORDER

BE IT REMEMBERED that on September 24, 2003, the Court considered Petitioner's objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons that follow, the Court **ADOPTS** the final determination of the Report and Recommendation, but **MODIFIES** certain portions of the reasoning, and **DISMISSES** Petitioners' habeas petition for lack of jurisdiction.

### I. Standard of Review of Magistrate Judge's Report and Recommendation

Petitioner Doroteo Tavira brings this action pursuant to 28 U.S.C. § 2241 seeking a writ a habeas corpus. After referral to a United States Magistrate Judge, this Court reviews *de novo* those portions of the R&R to which objection is made. "A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R for which there are no objections, the Court reviews for clearly erroneous findings and

---

[1] At the time this habeas petition was filed, the Immigration and Naturalization Service ("INS") was an agency organized within the United States Department of Justice. The former INS has now been reorganized into the Bureau of Immigration and Customs Enforcement ("BICE") within the new United States Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (2002). For ease of reference, this decision will refer to the agency as the INS.

conclusions of law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. Factual and Procedural Background

The Court adopts by reference the Magistrate Judge's recitation of Petitioner's factual background and immigration history. See Magistrate Judge's R&R, at pp. 1-3 [Dkt. No. 18]. INS placed Petitioner, a Lawful Permanent Resident ("LPR"), in removal proceedings pursuant to section 212(a)(2)(C) of the Immigration and Nationality Act ("INA"), charging him with inadmissability to the United States because an immigration officer had reason to believe he was or had been an illicit trafficker of a controlled substance. 8 U.S.C. § 1182(a)(2)(C). After an Immigration Judge denied Petitioner's request to withdraw his admission of removability, Petitioner applied for cancellation of removal under INA section 240A(a), 8 U.S.C. § 1229b(a). The Immigration Judge exercised his discretion and denied Petitioner's application for cancellation of removal. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). The BIA determined Petitioner met the statutory minimum requirements for cancellation of removal, but noted relief under this section is discretionary. Further, the BIA agreed with the Immigration Judge's determination that Petitioner had not met his burden of establishing that he was entitled to cancellation of removal. As a result, the BIA dismissed Petitioner's appeal and a final order of removal was issued.

The Magistrate Judge determined this Court lacks habeas corpus jurisdiction because "[t]he law in the Fifth Circuit clearly dictates that habeas corpus is not available where the Court of Appeals could have heard the issue(s) presented by a petitioner. See Rivera-Sanchez v. INS, 198 F.3d 545, 546-47 (5th Cir. 1999). . . ." Id. at p. 4. Additionally, the R&R holds that "Tavira is barred from raising his issues in the form of a petition for habeas corpus because his claims do not raise any substantial constitutional issues." Id. at p. 6.

Petitioner objects to the R&R, and argues the Magistrate Judge did not adequately address whether this Court has jurisdiction because he did not reference the Supreme Court decision, INS v. St. Cyr, 533 U.S. 289 (2001), in the R&R. Petitioner also asserts that he raises several substantial constitutional claims including a "Due Process violation with respect to the final order of removal based upon

petitioner's substantial liberty interest in being a lawful permanent resident, his substantial liberty interest in being with his family, and the substantial constitutional issue of obtaining meaningful review of the decision of the Immigration Judge and appeal." Petitioner's Objections, at p. 3 [Dkt. No. 20].

For the reasons that follow, the Court finds that it lacks habeas corpus jurisdiction and dismisses the petition.

### III. <u>Jurisdiction</u>

Cancellation of removal under Title 8, section 1229b(a) is available to LPRs who are inadmissible if the alien was lawfully admitted for permanent residence not less than five years; the alien has resided in the U.S. continuously for seven years after admission in any status; and the alien has not been convicted of an aggravated felony. As discussed above, the BIA determined Petitioner has met these minimal requirements. Cancellation of removal, however, is issued pursuant to an act of discretion. Under Title 8, section 1252(a)(2)(B), "no court shall have jurisdiction to review –(i) any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). Petitioner in this case, therefore, cannot petition the Fifth Circuit for direct review because "the plain language of § 1252(a)(2)(B) . . . divest[s the Court of Appeals] of jurisdiction to review the IJ's denial of § 1229b[(a)] cancellation." Bravo v. Ashcroft, 2003 WL 21835464 (5th Cir. Aug. 22, 2003) (citing Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002)).

As the Supreme Court stated, however, restrictions on "judicial review" do not preclude habeas corpus review. See St. Cyr, 533 U.S. at 298. The Supreme Court held in St. Cyr that the so called jurisdiction stripping provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), including sections 1252(a)(1), (a)(2)(C), and (b)(9), do not bar habeas jurisdiction, which continues to exist, and petitioners may still broadly challenge orders of deportation when they are allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The analysis used in St. Cyr never purported to alter the traditional "distinction between eligibility for discretionary relief on the one hand, and the favorable exercise of discretion, on the other hand." St. Cyr, 533 U.S. at 307.

Furthermore, "[a]lthough federal courts retain habeas jurisdiction to review statutory and constitutional claims, there is no jurisdiction to review denials of discretionary relief." Bravo, 2003 WL 21835464 (citing Finlay v. INS, 210 F.3d 556, 557 (5th Cir. 2000)). In this respect, habeas corpus is not the appropriate mechanism for remedying a "substantively unwise exercise of discretion." Id. (citing St. Cyr, 533 U.S. at 307). See also Gutierrez-Chavez, 337 F.3d 824, 827 (9th Cir. 2002).

In the present case, Petitioner cloaks his arguments in constitutional Due Process garb. Petitioner argues that the BIA issued "a summary decision without properly addressing the balancing of equities in accordance with standards articulated by the Fifth Circuit" and therefore that the "BIA abused its discretion by not meaningfully addressing the positive equities and by improperly characterizing the negative equities." Petitioner's Writ of Habeas Corpus, at p. 5 [Dkt. No. 1]. These arguments amount to an attack on the BIA's affirmance of the Immigration Judge's "unwise exercise of discretion." St. Cyr, 533 U.S. at 307. Additionally, the Fifth Circuit has already foreclosed Petitioner's arguments in Toscano-Gill v. E.M. Trominski, 210 F.3d 470 (5th Cir. 2000), holding that without claims that an alien was denied the opportunity to be heard or present evidence, there is no Due Process violation. 210 F.3d at 474. The Fifth Circuit also held in Toscano-Gill that factual error does not rise to the level of a Due Process violation. See id. Indeed, in this case the BIA did weigh the equities and discuss its reasoning for affirming the Immigration Judge's denial of discretionary relief. See Petitioner's Writ for Habeas Corpus, Ex. A.

Lastly, Petitioner states in his objections that "the substance of the decision by the Board did not 'meaningfully review' the appeal filed by the Petitioner." This attempt to re-frame the issues and present Due Process violations cannot succeed in light of the Toscano-Gill decision and others. See, e.g., Diaz-Resendez v. INS, 960 F.2d 493, 496-98 (5th Cir. 1992); Osuchukwu v. INS, 744 F.2d 1136, 1142 (5th Cir. 1984). Petitioner has not raised cognizable constitutional claims in his petition, and thus this Court does not have habeas corpus jurisdiction pursuant to section 2241.

The Magistrate Judge also addressed a second issue, whether Due Process is violated when an LPR is not given 72 hours notice before the execution of a final order

of removal and detention pursuant to this order.[2] The Court does not address this issue in any length because although the Petitioner mentions the fact that he did not receive notice prior to the issuance of his warrant for arrest, he does not make any legal arguments concerning his Due Process rights, nor does he include a claim for procedural Due Process as a cause of action in his petition for writ of habeas corpus. Additionally, Petitioner does not raise this issue in his objections to the Magistrate Judge's R&R. The Court presumes that Petitioner is not pursuing a procedural Due Process claim for INS's failure to give him at least 72 hours notice prior to executing the final order of removal.

Even if Petitioner maintains he asserted a Due Process violation claim based on INS's failure to give him 72 hours notice, this claim must fail on its merits. By statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). "The removal period begins on the latest of the following–(i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(i) and (ii). Petitioner's order was not judicially reviewed and no stay was ordered. Thus, after his order of removal became administratively final, INS was authorized to detain Petitioner. 8 U.S.C. § 1231(a)(2). Petitioner does not even attempt to argue he had a liberty interest in remaining free or provide support for his argument that he must receive 72 hours notice before the Attorney General issues a

---

[2]The Magistrate Judge determined that this Court lacks jurisdiction to determine this procedural Due Process claim. Given the broad language used in Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289, 311-13 (2001), and Calcano-Martinez v. Immigration and Naturalization Service, 533 U.S. 348, 351 (2001), this Court cannot determine that it lacks jurisdiction to review constitutional Due Process challenges to certain procedures used by INS. The Supreme Court in St. Cyr stated that statutory language limiting judicial review does not bar habeas jurisdiction because "[a]t no point . . . does [the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")] make express reference to § 2241. Given the historic use of § 2241 jurisdiction as a means of reviewing deportation and exclusion orders, Congress' failure to refer specifically to § 2241 is particularly significant." Id. at 312 n. 35. See also Calcano-Martinez, 533 U.S. at 351-52.

warrant for his arrest detains him *after* an administratively final order of removal has been issued. This Court knows of no case law that supports such a proposition.

## IV. Conclusion

Petitioner has not presented a cognizable constitutional claim, and thus this Court lacks habeas corpus jurisdiction under section 2241. Alternatively, even if Petitioner had asserted a Due Process claim concerning INS's failure to provide 72 hour notice before arresting and detaining him after an administratively final order of removal, the Court would deny this claim on its merits for the reasons discussed above.

The Court **ADOPTS** with **MODIFICATION** the final determination contained in the R&R. Petitioner's habeas petition is **DENIED** [Dkt. No. 1], and Respondents' Motion to Dismiss is **GRANTED** [Dkt. No. 8]. The Court considered Petitioner's late filed objections, and thus implicitly **GRANTED** his Motion to Late File Objections to Report and Recommendation [Dkt. No. 19].

DONE this 24thd day of September 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge